UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TONYA N. VOLLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 3:17-cv-00032 |
| v. | ) |
| | ) |
| ANDREWS FASTBREAK, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Tonya Vollman ("Vollman"), by counsel, brings this action against Defendant, Andrews Fastbreak, Inc., ("Defendant") alleging failure to pay compensable time and wages in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq.* and Indiana state law.

### II. Parties

2. Vollman is a citizen of Vanderburgh County, Indiana and has resided within the geographic boundaries of the Southern District of Indiana at all relevant times.

3. Defendant maintains offices and conducts business within the geographic confines of the Southern District of Indiana.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, 29 U.S.C. § 216(b) and I.C. 22-2-2-9.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d) and I.C. § 22-2-2-3.

6. Vollman is an "employee" as that term is defined by 29 U.S.C. §203(e)(1) and I.C. § 22-2-2-3.

7. Defendant is subject to the FLSA because it is engaged in commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Vollman held continuously employment with the Defendant from November of 2010 through February of 2017 as a cashier, assistant manager and store manager at the Morgan Avenue location.

10. Vollman was employed as a non-salary employee of the Defendant who was paid a straight rate of fourteen ($14.00) dollars per hour regardless of how many hours she worked during a specific week.

11. At all times relevant, Vollman was a non-exempt employee who was entitled to be paid time and a half for hours over forty (40) worked in any week.

12. Throughout her employment, Vollman regularly and continuously worked over forty (40) hours per week and even worked at times in excess of sixty (60) hours per week.

13. Despite her working over forty (40) hours per week, Vollman was never paid any additional amount for overtime pay, only her regular straight rate of pay for those hours worked in excess of forty (40) hours in a week.

14. Vollman was never paid time and a half for hours worked over forty (40) in any given week during her employment with Defendant.

15. Defendant knowingly, willfully, or with reckless disregard has failed to properly pay overtime compensation with respect to Vollman in violation of federal and Indiana state law.

## V. <u>Legal Allegations</u>

### <u>Count I: FLSA - Failure to Pay Wages</u>

16. Vollman hereby incorporates paragraphs one (1) through fifteen (15) of her Complaint as if the same were set forth at length herein.

17. Vollman is a non-exempt employee of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

18. Defendant intentionally and willfully failed to compensate Vollman for hours she worked within the required time frame.

19. Vollman is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

20. Defendant's actions in denying Vollman her wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

### <u>Count II: FLSA - Failure to Pay Overtime</u>

21. Vollman hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Vollman is a non-exempt employee of Defendant who is engaged in commerce and/or in an enterprise engaged in commerce.

23. Defendant intentionally and willfully failed to compensate Vollman at least one and one-half times the minimum wage rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours.

24. Vollman is entitled to recover from Defendant all compensation which she earned including overtime amounts, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

25. Defendant's actions in denying Vollman overtime wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

### Count III—Indiana State Law—Failure to Pay Overtime

26. Vollman hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Vollman is a non-exempt employee of Defendant who is engaged in commerce in the state of Indiana.

28. Defendant intentionally and willfully failed to compensate Vollman at least one and one-half times the minimum wage rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours.

29. Vollman is entitled to recover from Defendant all compensation which she earned, including overtime amounts, as well as liquidated damages, pursuant to I.C. § 22-2-2-4(k) and I.C. § 22-2-2-9.

30. Defendant's actions in denying Vollman overtime wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tonya N. Vollman, respectfully requests that this Court enter judgment in her favor and award the following relief:

1. Payment to Plaintiff of all unpaid wages and overtime compensation;

2. Payment to Plaintiff of liquidated damages for all unpaid wages and overtime compensation;

3. Payment to Plaintiff of punitive damages for Defendant's failures and/or malice and willful actions;

4. Payment to Plaintiff of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Â§ 201 *et seq*. and Indiana state law;

6. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiff;

7. Order Defendant to pay Plaintiff's costs and attorney fees; and

8. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Benjamin R. Aylsworth
Benjamin R. Aylsworth, Atty. No. 29817-87
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Tonya N. Vollman*

**DEMAND FOR JURY TRIAL**

Plaintiff, Tonya N. Vollman, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Benjamin R. Aylsworth
Benjamin R. Aylsworth, Atty. No. 29817-87
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Tonya N. Vollman*